IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr89

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| CODELL BLACK (1) ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine.[1] (Doc. No. 52).

The offense level for the defendant's crack cocaine offense was determined pursuant to the career offender guideline. (Doc. No. 33: Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶¶ 29, 71). The career offender guideline sets the offense level in relation to the maximum statutory penalty, USSG §4B1.1(b), and was not affected by the 2007 amendments, USSG Supp. to Appx. C., Amend. 706 (2007). Accordingly, the defendant is not eligible for a sentence reduction. United States v. Mack, No. 08-6773, 2009 WL 1336715, slip op. at *1 (4th Cir. May 14, 2009); USSG §1B1.10 comment. (n.1(A)(ii)) (defendant not eligible for reduction where another guideline provision prevents lowering of guideline range); Neal v. United States, 516 U.S. 284, 296 (1996) (retroactive amendment to guidelines does not alter statutory mandatory minimum).

---

[1] Counsel was appointed to represent the defendant on this issue (Doc. No. 36); however, counsel determined that the defendant is not eligible for a reduction because he was sentenced as a career offender (Doc. No. 47). In the instant pro se motion, the defendant demands additional explanation for that conclusion. (Doc. No. 52).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: June 29, 2009

Robert J. Conrad, Jr.
Chief United States District Judge